UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHANCELLOR COLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2211** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

**ORDER**

Before the Court is a **Motion to Fix Attorney's Fees on Motion to Compel (R. Doc. 61)**, filed by Plaintiff, Chancellor Cole, ("Cole") in accordance with this Court's Order granting Plaintiff's Motion to Compel and Request for an award of attorney fees (R. Doc. 57) issued on August 20, 2013. The motion is opposed. (R. Doc. 63). The motion was noticed for submission on September 18, 2013, and heard on the briefs on that date.

**I.     Background**

This case arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, 705, 791, 794, *et seq*. (R. Doc. 57, p. 1, *citing* R. Doc. 24, p .4).[1] Cole alleges that he was formerly employed by Defendants as a Deputy Civil Sheriff. *Id. See also* R. Doc. 24, p. 3. He alleges that he has been diagnosed with diabetes, a documented impairment which affects his major life activities, but which did not prevent Cole from carrying out his job duties. *Id.*

On October 26, 2008, Cole alleges that he requested "reasonable accommodation," i.e., to

---

[1] Cole originally filed his Complaint on September 12, 2011, and duly amended his Complaint on March 5, 2012. (R. Doc. 24)

be assigned to the "third shift" while he adjusted to necessary life changes brought about by his impairment. *Id.* However, Cole alleges that his requests were not granted. *Id.* Cole then alleges that on October 28, 2008, he was hospitalized for three days as a result of his diabetes. *Id.* Cole alleges that although he immediately informed his employer of the fact that he was hospitalized on October 31, 2008, Defendants terminated Cole's employment while he was still hospitalized. *Id.* Cole alleges that during his employment, he was never subject to disciplinary action. *Id.*

Cole alleges that Defendants' wrongful termination of his employment forced him to seek alterative employment. *Id.* at 4. He alleges that as a result of Defendants' actions, he has incurred monetary damages, in the form of, inter alia, lost wages, pension benefits, insurance benefits, and other fringe benefits, as well as future earnings. *Id.* at 5. In the instant suit, Cole seeks an award of damages, a declaratory judgment deeming the acts of Defendants to be in violation of his federally protected rights, as well as an award of attorney's fees. *Id.*

On July 23, 2013, Plaintiff filed a Motion to Compel Discovery, seeking an Order from this Court compelling defendants to respond to his discovery requests, as well as for an award of attorney's fees. (R. Doc. 50). On August 20, 2013, this Court granted the motion to compel and ordered Plaintiff, Cole to submit a motion fixing attorney's fees. (R. Doc. 57).

Cole filed the instant **Motion to Fix Attorney's Fees on Motion to Compel (R. Doc. 61)**, on September 11, 2013, including affidavits of both his attorneys, as well as a "billing and expense record" of the alleged 19.3 hours spent on the motion, at $300.00 per hour, totaling $5,790.00 (R. Doc. 61-1, p. 3-5).

Defendants have opposed the motion, stating that the hourly rate of $300.00 is inappropriate when "considering an unopposed motion to compel, which is considered a boiler-plate form." (R. Doc. 63). Defendants also contest the amount of hours sought for the "extensive amount of review

and comparison of the responses, drafting, and 'legal research' surrounding an area of law already well-settled." *Id.* Finally, Defendants submit that an hourly rate of "125.00 for 10 hours" would be a more appropriate award for "preparation and litigation of an unopposed motion to compel," than the 19.3 hours Plaintiff requested, at $300.00 per hour. *Id.* at 2.

The instant motion was noticed for submission on September 18, 2013, and heard on the briefs that date.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended

---

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

"by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

### III.  Analysis

#### A.  Calculating a Reasonable Hourly Rate

The fee application submitted by Cole seeks to recover 19.3 hours of attorney work at a rate of $300.00 per hour for his attorneys, Luz M. Molina, Esq. ("Molina") and Deborah Majeeda Snead, Esq. ("Snead"). *See* R. Doc. 61. In support of their rates, Cole submits affidavits from Molina ("Molina Affidavit") and Snead ("Snead Affidavit").

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v.*

*Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. Where a rate is not contested, it is *prima facie* reasonable. *Louisiana Power & Light*, 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.*, No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party).

The Molina Affidavit states that she graduated from Tulane Law School in New Orleans in 1979, and is admitted to practice law in the District Court, U.S. Court of Appeals for the Fifth Circuit. (R. Doc. 61-1, p. 1) She states that her practice includes labor and employment law and that she has represented and counseled plaintiffs in Title VII, ADEA and ADA discrimination matters since 1994. *Id.* Based on her experience and the prevailing hourly market rate of attorneys in New Orleans, Molina states that the average hourly rate for an attorney "with comparable skill is $250.00-$450.00 an hour." *Id.* at 2. Therefore, Molina states that she believes a rate "of $300.00 per hour in this matter is adequate." *Id.*

The Snead Affidavit states that she graduated from Loyola Law School in 1984, and is admitted to practice law in the District Court, U.S. Court of Appeals for the Fifth Circuit. (R. Doc. 61-1, p. 3). She stated that she joined the firm of "Howell and Bayer" in 1987, which specialized in constitutional and civil rights litigation, became a partner in 2000, and left the firm in 2001. *Id.* Upon leaving the firm, she stated that she was invited to become a visiting clinical professor at

Loyola Law School, in New Orleans, Louisiana. *Id.* Later in 2001, she became a permanent faculty member there. Based on her and the prevailing hourly market rate of attorneys in New Orleans, Snead states that the average hourly rate for an attorney "with comparable skill is $250.00-$350.00 an hour." *Id.* Therefore, Snead states that she believes a rate of "$300.00 per hour in this matter is adequate." *Id.* at 4.

In considering the issue of whether the rate charged is reasonable, the Court looks to case law regarding similarity of years of experience, in comparison to this rate to the prevailing market rates for legal services in the greater New Orleans. For example, area from the applicable case law, the Court concludes that a rate of $275.00 is reasonable as to Molina, as she has been practicing for approximately 34 years. *See e.g., Int'l Transp. Workers Fed. v Mi-Das,* No. 13-454, 2013 WL 5329873 at *3 (E.D. La. Sept. 20, 2013) (finding a reasonable rate for an attorney of 31 years was $250, and that $350 is a reasonable rate for an attorney of 47 years); *Coves of the Highland Community Dev. Dist.*, No. 09–7251, 2012 WL 174477, at *2–*3 (E.D. La. Jan. 20, 2012) (Roby, M.J.) (citing cases, and finding that notwithstanding deficiency of affidavit which averred "familiarity" with hourly rates in the New Orleans area, rate of $300 per hour was reasonable for attorney with 39 years of experience); *Braud v. Transport Service Co. of Illinois*, Nos. 05–1898, 05–1977, 05–5557, 06–0891, 2010 WL 3283398, at * 15 (E.D. La. Aug.17, 2010) (Knowles, M.J.) (finding that an award of $200 per hour for attorney with 30 years of experience was "within the low end of the range of the market rate."). Therefore the Court adjusts the $300.00 per hour requested by Molina to $275.00 per hour.

In assessing the reasonable of the fee as to Snead from the applicable case law, the Court concludes that a rate of $250.00 per hour is reasonable, as she has been practicing for approximately

6

29 years. *See e.g., Picard v. St. Tammany Parish Hosp.,* No. 08-0824, 2009 WL 911003, at *3 (E.D. La. Mar. 27, 2009) (finding $250 a reasonable rate for an attorney with 28 years of experience); *Health Net, Inc. v. Wooley Mitchell,* No. 06–845–D–M2, 2007 WL 3331662, at *3 (M. D. La. Oct. 4, 2007) (citing *Sorapuru v. Mitchell*, No. 05–2524, R. Doc. 63) (E.D. La. 2004)(finding that a rate of $250.00 was reasonable for an attorney with 30 years of experience, plus judicial experience as a former federal judge).

Therefore, the Court finds that the reasonable rate for Professor Molina is $275.00, and the reasonable rate for Professor Snead is $250.00 per hour.

### B. Determining the Reasonable Hours Expended

In support of its motion, Cole submits a copy of Snead and Molina's joint billing entries for the instant motion (R. Doc. 61-1, p. 5). There are approximately twelve entries: "(a) discussing with opposing counsel regarding outstanding discovery (.1 hours), (b) drafting letter to opposing counsel regarding discovery (1.0 hours), (c) reviewing and preparation of all responses by Defendant with the EEOC record [3] (9 hours), (d) drafting motion to compel and legal research (1.5 hours), (e) conducting legal research and analysis (1.5 hours), (f) drafting legal memorandum and reviewing motion (1.4 hours), (g) conducting additional research (1.0 hours), (h) editing and filing of the Motion to Compel (1.3 hours), (i) file / review motion and motion hearing preparation (1 hours) and (j) motion hearing (1.5 hours)." *Id.*

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th

---

[3] These entries are dated June 27, 2013, July 14, 2013, and July 15, 2013, respectfully, totaling four of the twelve entries. *See* R. Doc. 61-1, p. 5.

Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996). Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

After conducting a line-by-line analysis of the billing invoice submitted by Cole, the Court finds that the invoice is improperly vague, for failure to adequately describe the attorneys who performed the specific entry. Because the Court has determined a different "reasonable" rate for each attorney, the Court cannot now determine which attorney is properly billing for which entry. Therefore, the Court determines that an allocation of the lower rate, $250.00 for the entries will be allowed, and that the total amount expended after the line-by-line analysis is conducted shall be reduced by 50% due to Snead and Molina's failure to properly document their billing entries. *Yelton v. PHI, Inc.*, No. 09-3144, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012); (*see also Walker v. City of Mesquite, Texas,* 313 F.3d 246, 252 (5th Cir. 2002) ("[T]he district court has broad discretion to exclude or reduce the entries that are vague.")).

Therefore, the Court finds that of the 19.3 hours submitted, all of the entries shall be reduced by 50%, for Snead and Molina's failure to exercise billing judgment. Therefore Cole is entitled to an award of 9.65 hours in attorney's fees at the rate of $250.00 per hour, totaling $2,412.50.

### 3. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining

8

whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted. Accordingly, Cole is entitled to attorney's fees of $2,412.50.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Chancellor Cole's, ("Cole") **Motion to Fix Attorney's Fees on Motion to Compel (R. Doc. 61)** is **GRANTED**. The Court finds that a total amount of $2,412.50 in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Defendant shall satisfy his obligation to Jones no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 7th day of October 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**